# Exhibit 2

SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| JACK LASALLE et al,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, et al,<br><br>Defendants. | Case No. 23-2-08165-0 SEA<br><br>**ORDER FROM PRETRIAL CONFERENCE:**<br><br>☐ **VIRTUAL CIVIL JURY TRIAL**<br>☒ **IN PERSON CIVIL JURY TRIAL** |

☒ A pretrial conference was held on August 21, 2026, the Court hereby confirms a 20- day in-person jury trial (including 1-2 days for Voir Dire) to commence November 2, 2026 subject to all pretrial deadlines being met.

By agreement of the parties.

The final decision on trial format (in-person or virtual) is reserved for the assigned trial judge.

**TRIAL PROCEDURES:**

The Court orders the following procedures for trial.

**A. Trial Format**

This will be a video/virtual civil jury trial:

☐ All counsel will appear remotely via Zoom:
☐ All witnesses will testify remotely via Zoom:
☐ All exhibits will be presented electronically using Case Center:
☐ All jurors will attend by Zoom:
☐ The Judge will appear by Zoom from the open courtroom.

OR

☒ This will be an in-person trial upon the completion of virtual jury selection.

**B. Special Trial Issues**

☐ INTERPRETER: The following Party/Witness(es) need an interpreter in the following language(s) which shall be arranged by:

| Party/Witness | Language | Arranged By |
|---|---|---|
| | | Plaintiff's Counsel/Defense Counsel/Court |
| | | |

☒ The Parties request special Consideration in assigning this case out for trial because:

☒ Out of State Party/witnesses.

☒ Expert Witnesses:

☐ The following party/attorney has another trial scheduled for

________________________________________

________________________________________

________________________________________

☒ Other Special Assignment Considerations: Parties waived objections to remote testimony.

**C. ADR Requirement Pursuant to Order Setting Civil Case Schedule**

☒ Has been accomplished.

☐ Must be accomplished not later than: ___

☐ Is waived.

**D. Pretrial Disclosures Between the Parties**

1. Exhibits:

Pursuant to LCR 4(j), the parties shall electronically exchange the following by the deadline in the case scheduling order:

a. Lists of the exhibits that each party expects to offer at trial, except for exhibits to be used only for impeachment.

b. Copies of all documentary exhibits, except for those to be used only for impeachment or illustrative purposes.

In addition, non-documentary exhibits, except for those to be used only for impeachment or illustrative purposes, shall be made available for remote inspection by all other parties no later than fourteen (14) days before trial.

2. Witnesses:

Pursuant to LCR 4(j), the parties shall disclose witnesses who have been disclosed pursuant to LCR 26, whom the parties intend to call at trial. If the trial is in-person or conducted via Zoom, the parties shall indicate whether the witness will testify via video deposition or remotely via Zoom by the deadline in the case scheduling order. **The parties shall confer and submit an updated Estimate of Witness Examinations form to the court no later than fourteen (14) days before trial or as otherwise ordered by the court**. Counsel will confer and determine the estimated time for direct and cross of each party's witnesses. The estimate shall include the name of the witness and the estimated time for direct/re-direct and cross examination.

**E. Documents to be Filed With the Court**

1. Joint Statement of Evidence is Due Five Judicial Days Before Trial:

No later than five (5) judicial days before the scheduled trial date, the Joint Statement of Evidence shall be filed with the Clerk's Office. The Joint Statement of Evidence shall be submitted to the court as a working copy in Word format five (5) judicial days before the scheduled trial date. See, LCR 4(k). The parties shall confer

at least ten calendar days before the scheduled trial date to prepare the Joint Statement of Evidence.

The Joint Statement of Evidence shall include a list of all proposed exhibits, numbered sequentially as follows:

☐ For **physical** exhibits:

**Plaintiff's exhibits** should be numbered beginning with ________________.

**Defendant's exhibits** should be numbered beginning with ________________.

__________ **exhibits** should be numbered beginning with ________________.

☒ For **digital** exhibits:

**Plaintiff's exhibits** should be uploaded with the name of the exhibit, and will be automatically assigned a number as they are uploaded, starting with 1.

**Defendant's exhibits** should be uploaded with the name of the exhibit, and will be automatically assigned a number as they are uploaded, starting with 1.

**Exhibits offered by additional parties** should be uploaded with the name of the exhibit, and will be automatically assigned a number as they are uploaded, starting with 1.

In the event there are multiple parties with the same designation, the Clerk's Office will include the party name, and will be automatically assigned a number as they are uploaded, starting with 1.

**The Joint Statement of Evidence filed with the court should include the name of the exhibit and the automictically assigned exhibit number.**

Adjacent to the list of exhibits shall be a table with four columns headed as follows:

- "Party(ies) Offering Exhibit";
- "No Objection";
- "Authenticity Admitted but Objectionable"; and

- "Otherwise Objectionable."

The legal basis of the objection shall be identified. The appropriate column shall be completed for each exhibit. No document shall be listed more than once as an exhibit. An exhibit on the Joint Statement may be offered by any party. The Joint Statement of Evidence shall conform to the requirement of LCR 4(k). To the extent possible, parties shall include any illustrative exhibits to be used at trial in the Joint Statement of Evidence and in the set of exhibits transmitted to the Court and witnesses.

The Joint Statement of Evidence shall also identify witnesses and whether the witness will appear in person or via remote means.

2. Exhibits and Other Evidence:

a. The court is ordering

☒ **electronic exhibits** uploaded to Case Center

☐ **physical exhibits** (in person trial only).

i. If physical exhibits are ordered, each party shall submit, in binders, an original set of their exhibits and a bench copy of their exhibits. Each binder shall have each exhibit marked with tabs. The binders shall be received by the court **no later than noon the Monday before the scheduled trial date**. If the Monday before the scheduled trial date is a judicial holiday, parties shall submit all exhibits by noon the Friday prior to the Monday judicial holiday.

ii. If Case Center exhibits are ordered, the parties shall comply with Appendix A, and upload the exhibits to Case Center **no later than the Monday before the scheduled trial date**, parties shall upload all exhibits into the Case Center exhibit bundle designated for this case. If the Monday before the scheduled trial date is a judicial

holiday, parties shall upload all exhibits the Friday prior to the Monday judicial holiday.

b. Parties may transmit hard copies of exhibits to witnesses in advance of trial. If parties intend to transmit exhibits in hard copy to a witness, that party must ensure that the party's witnesses appearing remotely have access to copies (electronic or hardcopy) of any exhibits to be used during the examination of that witness before the witness is called.

c. If an **in-person trial is ordered with physical exhibits**, after closing arguments, the parties shall confer with the clerk and review the identified admitted exhibits prior to the exhibits being presented to the jury. This review is solely to ensure that the exhibits being presented to the jury are all and solely the admitted exhibits.

d. If **Case Center exhibits are ordered in an in-person trial**, the parties shall each provide a laptop for jurors to review the exhibits during deliberation. :

The final "Jury Deliberation Exhibit Bundle" from Case Center shall be sent by the clerk to the counsel to download the exhibits in the Case Center folder to a laptop or USB flash drive and ensure the necessary software is accessible to open each document. The final link to the Case Center exhibit bundle will contain only those exhibits which were admitted into evidence. The parties shall review the exhibits to ensure completeness.

e. If **Case Center exhibits are ordered in a virtual civil jury trial**, after closing arguments, the clerk shall transmit the final "Jury Deliberation Exhibit Bundle" from Case Center, and that will contain only those exhibits which were admitted into evidence. The jury will be provided with electronic access to that exhibit bundle via the court. The jury will

access admitted exhibits during deliberations using this exhibit bundle.

f. Exhibit certification:

The parties must certify in the Joint Statement of Evidence that the exhibits exchanged between the parties and provided to witnesses are identical to the set of exhibits provided to the Court and do not contain notes, highlighting, or any material not contained in the original exhibits provided to the Court.

g. Use of Discovery and Depositions at Trial:

If depositions (including video depositions), deposition designations, interrogatories, requests for admission, or other discovery responses are to be used at trial as substantive evidence in lieu of live testimony, the offering party shall provide a list of the excerpts to be offered to the opposing party.

No later than five (5) judicial days before the scheduled trial date, discovery excerpts, counter-designations, and objections shall be electronically transmitted to any opposing party and to the Court's bailiff by email. No later than five (5) judicial days before the scheduled trial date, any party anticipating publishing a deposition during trial must deliver the sealed original to the assigned judge's mailroom.

Depositions should not be uploaded to Case Center as it is for exhibits only.

Trial briefs:

**Trial briefs are due 5 days before trial** and shall be filed with the Clerk's Office with copies delivered to the assigned judge and opposing parties pursuant to LCR 7. Trial briefs are not optional, unless the assigned court waives this requirement.

3. Motions in limine:

All motions in limine shall be filed with the Clerk's Office, with copies delivered to the assigned judge and served on opposing counsel, pursuant to LCR 4(l) and LCR 7(b)(4).

☒ The Court sets the following briefing schedule for motions in limine:

Motions are due: 14 DAYS BEFORE TRIAL

Responses are due: 7 DAYS BEFORE TRIAL

Replies are not permitted.

4. Jury instructions:

The parties shall confer and agree on jury instructions and a verdict form to the extent reasonably possible. **The set of agreed instructions shall be submitted to the court five (5) judicial days prior to scheduled trial date. The parties may also submit separate jury instructions no later than five judicial days before the scheduled trial date.**

All jury instructions and verdict forms shall be transmitted to the Court as follows:

☒ Electronic (WORD format) ☐ Hardcopy

☒ Cited ☒ Uncited

☐ Other:

5. Jury selection:

A Jury of ☒ 12 ☐ 6 will be empaneled. 2 alternates will be empaneled or as otherwise ordered by the trial judge.

Jury selection will take place over Zoom. Limited technical support and/or court provided electronic devices are available to jurors who identify their needs in advance. Prospective jurors unable to appear by Zoom will be able to appear in person.

No later than fourteen (14) calendar days before trial, parties shall electronically submit an agreed neutral statement of the case or if unable to agree, separate neutral statements of the case to the Court.

The Court has provided a general jury questionnaire template to the parties. Parties shall electronically submit separate or agreed proposed additional questions to the Court no later than fourteen days before trial.

**Parties may submit an additional 5 (five) questions per side. These are due 14-days before trial.**

**F. Technical & ADA Requirements**

☐ The following additional equipment is required: _______

☐ The following ADA accommodations are required: __________

**G. Argument** RESERVED

- Opening statements are limited to _______ minutes per party or as otherwise ordered by the trial judge. RESERVED
- Closing arguments are limited to ________ minutes per party, including rebuttal for the party bearing the burden of proof or as otherwise ordered by the trial judge.

THE trial judge will make this determination.

**H. ZOOM Jury Trial Procedures:**

The parties shall comply with the procedures set forth in attached Appendix B.

**I. Trial Dates and Standby Status**

Trial is scheduled to begin during the week indicated above, but may be put on standby status. Consequently, parties and witnesses **must be available to**

**begin trial Monday through Thursday** the week of trial, and must have availability into the following week(s) sufficient to complete their trial.

In order to secure a spot on standby all pretrial deadlines outlined in this order must be met unless an exception has been granted by the court in writing. If these requirements are not met, the start of your trial and/or your case being eligible to be placed on standby may be delayed until all requirements are met. See, LCR 40(e)(4).

The parties are responsible for keeping the Court updated with current contact information and any updates regarding counsel's availability and/or witness availability. Currently, the parties have informed the Court of the following unavailability:

☐ None.

☐ AS STATED HERE:

The Civil Department Manual (Section 17) permits the parties to request a continuance from the assigned court if the case is not assigned during the first week. You may also elect to stay on standby for possible assignment the following weeks. Failure to notify the court of availability changes may delay or impact the start of your trial.

| Party/Witness not available: | Dates of unavailability: |
|---|---|
| | |
| | |
| | |

If the trial is placed on standby, trial participants can check trial status at the following website:

https://cdn.kingcounty.gov/-/media/king-county/depts/superior-court/documents/calendars/civil-trial-assignments.pdf

IT IS SO ORDERED.

DATED this 21st day of August, 2026.

Judge David Whedbee

# Appendix A
## Uploading Electronic Exhibits via Case Center

Case Center is a program that allows exhibits to be electronically transferred, viewed, and filed with the Court for purposes of hearings and trial.

The Case Center exhibit system is used for hearings and trials, where there is an Order from Pre-Trial Conference entered by a judicial official that requires Case Center, or where a communication from the judge or bailiff indicates that Case Center is required in the case.

**To submit a request via email for access to Case Center to the Clerk's Office at the following email address(s):**

- For Juvenile Court (Non-UFC): Dja_e-exhibitsjuvenile@kingcounty.gov
- For All Other Matters: Dja-e-exhibits@kingcounty.gov

**Emails need to include:**

1. Case number and caption
2. Participant role in the case - plaintiff, petitioner, respondent, etc.

**Upon receipt of the email, the Clerk's Office will grant you access to your case within 24 to 48 hours of receiving the request, at which point the Case Center application will send you a link.** This link will allow you to access the case created specifically for your case. At this point, files can be easily uploaded to your case.

**Example of the Clerk's Case Center email:**


Electronic access given to a case: JUDGE VS JUSTICE

noreply@caselines.com

For the attention of

[illegible]

## Exhibit Naming Rules:

The following instructions must be followed when uploading exhibits. Compliance is imperative to ensure proper exhibit identification and tracking throughout trial.

- Electronic exhibits shall be uploaded to the bundle individually - one file per exhibit. Exhibits may have multiple pages.
- When exhibits are uploaded, they are automatically numbered starting at 1 (for all parties) and in order of upload.

### Exhibit Title

- The exhibit title must be neutral and cannot contain words that can be considered biased or argumentative
- Do not try to tell a story with your exhibit title - keep it simple, neutral, and to the point.

**Examples**

- **Acceptable:**
  - Accident Scene Photos
  - Memorandum dated 6-9-10.
- **NOT Acceptable:**
  - Photo Showing Negligence
  - Patient Memos showing how hospital reacted to patient complaints.

## Acceptable Exhibit File Formats:

Case Center accepts over 500 file formats for upload.

- Documents should be submitted in PDF format.
- Hyperlinks to websites are not accepted.
- Video exhibits can be submitted in any format.
- Audio exhibits can be submitted in any format.

## Appendix B
## Zoom Jury Trial Procedures

**A. Trial Format**

The entire trial will be over Zoom with a link(s) provided by the Court. The Judge will be physically present in the courtroom. The parties, counsel, witnesses, and jurors will not be physically present in the courthouse and will participate entirely by Zoom, unless otherwise ordered by the court.

**B. Remote Trial Access and Appearance for Witnesses**

The Court will provide a remote access link, including any passwords, identification numbers, and other information necessary to access any remote portion of the proceedings over the internet. Counsel are required to share the link and access information with the parties and witnesses.

Counsel are required to ensure in advance of any remote witness testimony that parties, counsel, and witnesses have sufficient hardware and internet access to testify remotely including the ability to testify and view exhibits. Counsel must ensure that, at the time of a witness's testimony, the witness is able to testify in a distraction-free setting.

No party, attorney, or witness may appear solely by audio without prior permission from the Court.

No other individual will be allowed to participate in the trial remotely via the Zoom platform without prior permission of the Court. Parties, counsel, and witnesses should not share the remote access information for the trial with anyone not authorized in this order to participate in the trial via Zoom.

When a participant remotely accesses the trial via the link provided by the Court, the participant will first enter a virtual waiting room. The Court will admit individuals into the trial from the virtual waiting room.

The Court will only allow parties, counsel, witnesses, and those with prior permission to access the remote trial. The Court has the ability to mute, remove, and block individuals not authorized to access the remote trial. This order does not limit any public right to observe the trial.

**C. No Recording**

No one is authorized to record the proceedings by any means without prior permission from the Court.

**D. The Court Record**

The official record will be captured and maintained only through a means authorized and conducted by the Clerk of the Court.

**E. Calling Remote Witnesses During Trial**

The party calling witness testifying remotely is responsible for notifying the witness when the witness is to be called so the witness can join the Zoom call.

From the time the witness is placed under oath until the witness is released, the witness shall not communicate with anyone other than the Court and examining counsel without permission of the Court. Witnesses may not refer to any documents or other information sources during their testimony unless the witness is directed to do so.

**F. Handling Exhibits Remotely During Trial**

**1. Substantive exhibits.**

During the trial, witnesses testifying remotely should be examined using copies (electronic or hard-copy) of exhibits provided to the witness in advance or shared with the witness using Zoom's screen-sharing function during examination. Screen sharing is only permitted with the Court's permission.

Authenticating, establishing the admissibility of, and offering exhibits remotely should be done according to the Rules of Evidence just as they would during an in-person trial. The witness appearing remotely should be directed to

access the witness's copy of the exhibit or counsel may screen-share the exhibit. Witnesses should destroy or return hard copies of exhibits following the trial.

**2. Illustrative exhibits.**

Illustrative exhibits must be marked and transmitted to the Court in advance.

If it is not possible to mark an illustrative in advance (e.g., because the exhibit was created during trial while examining a witness), the Court may allow alternate means of marking and admitting the exhibit for illustrative purposes, including, e.g., allowing the examining attorney to show the exhibit via Zoom's screen-sharing feature or allowing a witness to electronically annotate an illustrative exhibit and later uploading an electronic copy to the Clerk.

**3. Playing video depositions during trial.**

Any party intending to offer video deposition testimony remotely during the trial must notify the Court in advance. The offering party should be prepared to play the deposition on the offering party's computer and to utilize Zoom's screen-sharing function or another authorized means to broadcast the deposition to the Court and other remote participants.

**G. Juror Questions for Witnesses**

Jurors in a Zoom trial will be allowed to propose written questions to witnesses. The Court will provide a method for the jury to ask questions. The jurors will be placed in the breakout room while the Court discusses juror questions for witnesses with the parties. The questions will be filed in the court record.

**H. Deliberations**

Jurors will deliberate in the Zoom breakout room. Jurors will have access during their deliberations to a Case Center exhibit bundle with only those exhibits admitted into evidence. Jurors will be able to seek the Court's assistance from the breakout room. Each court will provide the jury with specific instructions of how to seek help.

## I. Professionalism During Remote Portions of the Trial

### 1. Cross-talk and microphones.

When the Court, a party, counsel, or a witness is speaking, please avoid interrupting the speaker. When an objection is made during remote testimony, please stop talking and let the Court rule on the objection. Generally all participants other than the Court, the witness, and the examining and defending attorneys should mute their microphones. Remote participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using the microphone and speakers on one device at a time, or utilizing headphones.

### 2. Disconnection.

In the event that the Court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from a remote portion of the trial, the trial will stop while the Court works to reconnect the individual. Counsel must ensure that a witness has an alternative means of communicating with counsel in the event of disconnection.

### 3. Limiting distractions.

Remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom. Remote participants should silence electronic devices other than devices necessary for remote participation and take steps to minimize anything in their remote workspaces that would distract from the integrity of the proceedings.

### 4. Screen names.

When remotely accessing the trial, remote participants shall ensure that their Zoom screen name and the legal name they are using in these proceedings are the same. If a remote participant attempts to access the trial via Zoom with a name the Court does not recognize, the Court may decline to admit that person from the virtual waiting room.

**5. Decorum.**

Parties, counsel, and witnesses appearing remotely should dress in professional attire just as they would when appearing in-person.

**J. Post-Trial Evidence Handling**

Electronic exhibits which were not offered during the trial will not be retained by the Clerk's Office. Deposition transcripts not published must be retrieved by 4:00 p.m. no later than three judicial days after the trial has concluded, and will otherwise by discarded by the Clerk's Office. Parties may be asked to provide their electronic authorization for the destruction of exhibits admitted during trial.

**K. Technology Support**

Parties, counsel, and witnesses should familiarize themselves with the Zoom platform prior to trial. The Court is unable to provide Zoom technical assistance or advice beyond what is contained in this order.