# EXHIBIT C

FILED
2026 APR 09 03:43 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-08165-0 SEA

Honorable David Whedbee
Previous Trial Date: November 3, 2025
Hearing Date: April 22, 2026

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DIANNE LaSALLE, Individually, as Personal Representative of the Estate of the Decedent Jack LaSalle, and on Behalf of all Wrongful Death Beneficiaries of Decedent Jack LaSalle,<br>Plaintiff,<br>v.<br>AMERICAN INTERNATIONAL INDUSTRIES, sued individually, as alter-ego of, and as successor-in-interest to PINAUD, INC., ED PINAUD, INC., d/b/a ED. PINAUD, THE NESLEMUR COMPANY, formerly known as THE NESTLE-LE MUR COMPANY, et al.,<br>Defendants. | No. 23-2-08165-0 SEA<br><br>PLAINTIFF'S MOTION TO REINSTATE TRIAL DATE<br><br>**ORAL ARGUMENT REQUESTED** |



**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## I. INTRODUCTION

Plaintiff respectfully requests that the Court enter an order to reinstate a trial date in this matter as to Plaintiff's claims against Defendant American International Industries ("A-I-I"), et al. On September 17, 2025, Plaintiff motioned for a stay of trial court proceedings in the present case pending the disposition of Plaintiff's Motion for Discretionary Review. On September 30, 2025, the Court of Appeals of the State of Washington, Division One, granted the stay and stayed the November 3, 2025 trial start date in the present case, pending disposition of the motion for discretionary review. On January 15, 2026, the Court of Appeals denied Plaintiff's motion, and ordered that the stay of trial court proceedings be lifted. This order became final on March 3, 2026. Plaintiff now moves to reinstate a trial date in this matter with an accompanying case schedule order. Plaintiff further requests that the trial court schedule hearings on all pending motions for summary judgments, which have already been fully briefed.

## II. FACTS AND PROCEDURAL HISTORY

Original Plaintiffs Jack and Dianne LaSalle initially filed the present action in California on September 27, 2022, alleging that exposure to asbestos-containing talcum powder supplied by Defendant American International Industries ("A-I-I") contributed to causing Mr. LaSalle's terminal mesothelioma. Following a forum non conveniens motion filed by A-I-I, Plaintiffs filed the case in this Court on May 4, 2023. Mr. LaSalle passed away from his mesothelioma on March 29, 2024, and Plaintiff Dianne LaSalle amended the Complaint alleging Personal Injury (Survivorship), Loss of Consortium, and Wrongful Death on May 8, 2024. [Reid Decl., ¶ 4.]

On June 25, 2025, Defendant A-I-I moved for sanctions against Plaintiff. Plaintiff opposed the motion on July 2, 2025. On July 11, 2025, the Court granted Defendant A-I-I's motion. [Reid Decl., ¶ 5; and Exhibit 1 attached thereto.]

On September 17, 2025, Plaintiff filed a Motion for Discretionary Review of the trial court's order with the Court of Appeals of the State of Washington, Division One, and



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

simultaneously requesting a stay of the trial court's order and a stay of the trial originally scheduled to begin on November 3, 2025, pending the disposition of Plaintiff's motion. On September 29, 2025, Defendant A-I-I filed its response in which it does not oppose Plaintiff's motion to stay. On September 30, 2025, the Commissioner for the Court of Appeal of the State of Washington, Division One, granted Plaintiff's motion to stay pending the ruling on Plaintiff's motion for discretionary review. [Reid Decl., ¶ 6; and Exhibit 2 attached thereto.]

On January 15, 2026, the Court of Appeals denied Plaintiff's motion for discretionary review, and ordered that the stay of trial court proceedings be lifted. This order became final on March 3, 2026. [Reid Decl., ¶ 7; and Exhibits 3 and 4 attached thereto.]

Plaintiff now moves the trial court to lift the stay in this matter and reinstate a trial date with accompanying case schedule order. Plaintiff further requests that the trial court schedule hearings on all pending motions for summary judgments, which have already been fully briefed. This matter was on track to be ready for trial on November 3, 2025, when the stay was established on September 30, 2025. Summary judgment motions were fully briefed and scheduled for hearing less than two weeks from the date of the stay. Although minimal expert discovery remains, Plaintiff anticipates having this matter trial ready within thirty (30) days from the granting of the instant motion. Moreover, this matter was initially filed on May 4, 2023, and has been pending for nearly three (3) years.

Therefore, Plaintiff requests the earliest available trial date but no sooner than thirty (30) days from the grant of the instant motion.

## III. <u>EVIDENCE RELIED UPON</u>

Plaintiff relies on the Declaration of Michael Reid, and the exhibits attached thereto, as well as the pleadings and papers already on file with the Court.

## IV. <u>ISSUES</u>

Should the Court reinstate a new trial date and accompanying case schedule order now that the Court of Appeals disposed of Plaintiff's petition and lifted the stay on trial court proceedings?



**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## V. AUTHORITY & ARGUMENT

Trial courts have the inherent authority to control and manage their calendars, proceedings, and parties. *King v. Olympic Pipeline Co.*, 104 Wn. App. 338, 350 (2000). This Court also has authority to issue a new case schedule and trial date under Local Civil Rule 40(c). As it relates to this matter, on September 30, 2025, the Court of Appeals for the State of Washington ordered "The trial court's sanctions order and further trial court proceedings are stayed pending a ruling on Petitioners' motion for discretionary review." In its January 15, 2026 decision, subsequently finalized on March 3, 2026, the Court of Appeals, "ORDERED that the motion for discretionary review is denied; and ORDERED that the stay of the trial court proceedings is hereby lifted." Therefore, this Court should now lift the stay in these proceedings and issue a new trial date and accompanying case schedule order. Further, this Court should schedule new hearing dates on all pending motions for summary judgments, which have already been fully briefed.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court reinstate a new trial date and case scheduling order. Plaintiff further requests the Court's earliest available trial date, but no sooner than thirty (30) days from the grant of the instant motion.

DATED this 9th day of April, 2026.

KAZAN, MCCLAIN, SATTERLEY & GREENWOOD

*s/ Michael Reid* (admitted *pro hac vice*)
JOSEPH D. SATTERLEY, CA BAR #286890
MICHAEL REID, CA BAR #317740
55 Harrison St., Suite 400
Oakland, CA 94607
Phone: (510) 302-1000
Email: jsatterley@kazanlaw.com;
mreid@kazanlaw.com

*I certify that this memorandum contains 893 words, in compliance with the Local Civil Rules.*